PER CURIAM:
*94 Claimant brought this action to recover the amount of the proceeds from a life insurance policy which she alleges was wrongfully terminated by the respondent when she resigned from her position at Barboursville Veterans Hospital, a facility of the respondent, claimant alleged that the respondent misled her when she was not informed that she had the right to continue a life insurance policy on her husband in the amount of $5,000.00 for which she had paid premiums as a State employee. The policy terminated ta the time claimant left her employment with the State agency.
Respondent denies any responsibility for claimant’s failure to continue the life insurance policy after her termination.
Claimant testified that she paid the premiums for the $5,000.00 life insurance policy on her husband while she was a State employee. She terminated her employment on January 31, 1990. Her husband died in June 1991. She later determined that she could have paid the premiums and maintained the policy after leaving her employment with the State, but she was unaware of her right to do so.
Deborah Thacker, a Clerk III at the Barboursville Veterans Hospital, testified that she handled personnel matters for the respondent at the hospital. She did not have an exit interview with the claimant when she terminated from her employment. She was aware that employees are able to continue spousal life insurance under the Cobra Plan when employees terminate their employment at a State agency. She stated that she advised employees of this option at an exit interview.
The record in the claim is not clear. However, the evidence established that the claimant did not have an exit interview due to the circumstances of her termination.
The Court is of the opinion that the claimant has failed to establish by a preponderance of the evidence that she was misled by the respondent. It appears that she terminated her employment and life policies for herself and her husband when she left the employment of the respondent.
In accordance with the findings of fact in this claim, the Court is of the opinion to and does deny this claim.
Claim disallowed.